[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for breach of contract relating to the sale of residential real estate. The plaintiffs contracted to sell property in Madison, Connecticut to the defendants. The defendants cancelled the contract and the plaintiffs have brought suit seeking liquidated damages and other relief. The defendants have moved for summary judgment claiming 1) the contract permitted them to cancel in the event of an unsatisfactory inspection of the property, and 2) the contract was not properly accepted by the plaintiffs.
Summary judgment is appropriate where the pleadings and other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49.
In this case, the question of whether the defendant's rightfully canceled the contract is in dispute. The defendants maintain that they exercised their right to cancel the contract after the inspection of the premises revealed water problems that the plaintiffs refused to repair to their satisfaction. The plaintiffs' real estate agent has submitted an affidavit stating that the plaintiffs stood ready to make repairs on all the items listed by the defendants. See affidavit of Lorey Walz. Ms. Walz further stated that she did not receive any communication asking that any water problem be resolved id. Based on these conflicting assertions, there exists an issue of material fact that is central to this lawsuit.
The second ground asserted by the defendants is likewise in dispute. The defendants signed the contract on November 2, 1996 and, in effect, made an offer to purchase the property for a CT Page 11387 certain amount. The defendants gave the sellers (plaintiffs) one day to accept the offer. The plaintiffs signed the contract seven days later on November 9, 1996. The contract does not state explicitly the date that the plaintiffs accepted the offer. The defendants' claim that this omission renders the contract void. The plaintiffs assert that the parties formed a binding contract based on the plaintiffs signature on November 9, 1996 and the course of conduct of the parties thereafter. These contrary positions raise an issue of material fact relating to 1) whether the plaintiffs accepted the offer within the time allotted notwithstanding the fact that the contract was signed a week later, and 2) whether the conduct of the parties establishes that buyers entered into a binding contract even though the plaintiffs accepted the offer beyond the allotted time.
In sum, the pleadings and other proof show that issues of material fact remain in dispute. Accordingly, the defendants' motion for summary judgment is denied.
So ordered at New Haven, Connecticut this 30th day of September, 1998.
Devlin, J.